684 A.2d 627

COMMONWEALTH of Pennsylvania

v.

Robert Glenn NEUPERT, Appellant.

Superior Court of Pennsylvania.

Submitted June 10, 1996.

Filed Oct. 21, 1996.

Robert G. Neupert, appellant, pro se.

David A. Hepting, Assistant District Attorney, Butler, for Com., appellee.

Before BECK, KELLY and BROSKY, JJ.

BECK, Judge.

We determine, *inter alia,* that the crime of Homicide by Vehicle does not merge with the crime of Homicide by Vehicle while Driving Under Influence for sentencing purposes.

Appellant Robert Neupert appeals the trial court's denial of his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S. § 9541 (Purdons Supp.1995). In his PCRA petition, Neupert asserts his sentence is illegal because the sentencing judge sentenced Neupert separately for Driving Under Influ-

ence, Homicide by Vehicle while Driving Under Influence and Homicide by Vehicle, in violation of the merger doctrine. For the reasons set forth below, we vacate Neupert's sentence with respect to the conviction of Driving Under Influence ("DUI") and affirm the sentences for the convictions of Homicide by Vehicle and Homicide by Vehicle While Driving Under Influence ("Homicide by Vehicle/DUI").

Neupert pled nolo contendere to the following charges: (1) four counts of Homicide by Vehicle/DUI [1]; (2) four counts of Homicide by Vehicle [2]; (3) DUI [3]; (4) Racing on Highways [4]; and (5) Failure to Yield [5]. He was sentenced and Neupert filed a Motion to Modify Sentence. After a hearing, the trial court modified the sentence and Neupert was sentenced to a prison term of 4—12 years: 3½ to 7 years on each of the four counts of Homicide by Vehicle/DUI (each count concurrent); 6 months to 5 years on each of the four counts of Homicide by Vehicle (each count concurrent to the others but consecutive to the Homicide by Vehicle/DUI); and 30 to 60 days on the charge of DUI (concurrent with all other charges). Neupert filed a PCRA petition which was denied.

■ On appeal, Neupert claims the separate sentences for Homicide by Vehicle/DUI, Homicide by Vehicle and DUI violate the merger doctrine. The law is clear that DUI merges with Homicide by Vehicle/DUI for sentencing, and we therefore vacate Neupert's DUI sentence.[6] *Commonwealth v. Nicotra*, 425 Pa.Super. 600, 625 A.2d 1259 (1993); *Commonwealth v. Bowser*, 425 Pa.Super. 24, 624 A.2d 125 (1993).

■ Neupert next argues that Homicide by Vehicle merges with Homicide by Vehicle/DUI for sentencing pur-

1.  75 Pa.C.S. § 3735 (Purdons 1996).

2.  75 Pa.C.S. § 3732 (Purdons 1996).

3.  75 Pa.C.S. § 3731 (Purdons 1991).

4.  75 Pa.C.S. § 3367 (Purdons 1996).

5.  75 Pa.C.S. § 3302 (Purdons 1996).

6.  Because Neupert's DUI sentence was directed to run concurrent with all other sentences, Neupert's aggregate term of imprisonment remains unaffected by our disposition.

poses because Homicide by Vehicle is a lesser included offense of Homicide by Vehicle/DUI. There is no current case law on the issue; therefore, we look to the supreme court's clarification of the merger doctrine in *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994). The court stated that "in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Id.* at 579, 650 A.2d at 22. The court went on to state:

> Our inquiry, ..., is whether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge.

*Id.* at 582, 650 A.2d at 24. We must review the elements of each offense to determine whether the elements of Homicide by Vehicle are included within the elements of Homicide by Vehicle/DUI.

Upon review of the statutes, Homicide by Vehicle is not a lesser included offense of the crime of Homicide by Vehicle/DUI. The crime of Homicide by Vehicle is defined at 75 Pa.C.S. § 3732 and provides as follows:

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of the Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3731 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

75 Pa.C.S. § 3732 (Purdons 1996). By way of comparison, Homicide by Vehicle/DUI is defined at 75 Pa.C.S. § 3735. It provides in pertinent part as follows:

**(a) Offense defined.**—Any person who unintentionally causes the death of another person as the result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S. § 3735(a) (Purdons 1996).

The elements of Homicide by Vehicle are not included in the elements of Homicide by Vehicle/DUI. In fact, the crimes require proof of different elements. Homicide by Vehicle requires the cause of death to be the result of a violation of a motor vehicle law or ordinance other than a DUI violation; for example in this case, racing on highway and failure to yield. On the other hand, Homicide by Vehicle/DUI explicitly requires a DUI conviction as an element of the crime. *Commonwealth v. Caine*, 453 Pa.Super. 235, 683 A.2d 890 (1996).

Since both crimes require proof of an element which the other does not, Homicide by Vehicle does not merge with Homicide by Vehicle/DUI for sentencing purposes. As a result, we affirm the trial court's sentence with respect to the crimes of Homicide by Vehicle and Homicide by Vehicle/DUI.

Neupert's sentence of DUI is vacated. Neupert's sentence for Homicide by Vehicle and Homicide by Vehicle/DUI is affirmed.