**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Francis P. SILAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 18, 1997.

Filed May 9, 1997.

Joseph P. Burt, Erie, for appellant.

Christopher M. McElynn, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before POPOVICH and JOHNSON, JJ., and CERCONE, President Judge Emeritus.

POPOVICH, Judge:

In this appeal, we are asked to determine whether the crime of recklessly endangering another person[1] merges with the crime of homicide by vehicle while driving under the influence of alcohol[2] for sentencing purposes. After a careful review of the record, the parties' briefs and the applicable law, we conclude that the crimes do not merge for

1. 18 Pa.C.S. § 2705.

2. 75 Pa.C.S.A. § 3735(a).

1110 ■

sentencing purposes. Accordingly, we affirm the judgment of sentence.

The facts in this case are undisputed and are as follows: On October 17, 1995, appellant was operating a motor vehicle in Erie, Pennsylvania. He was travelling in excess of eighty miles per hour in a twenty-five miles per hour zone when he struck and killed a sixteen-year-old male who was riding a bicycle. At the time of the incident, appellant had a blood alcohol content of .331% and he tested positive for Benzodiazephine (valium). Appellant was charged with various offenses related to the incident. On April 3, 1996, he pleaded guilty to recklessly endangering another person, homicide by vehicle while under the influence and driving a vehicle at an unsafe speed.[3] On May 21, 1996, the lower court sentenced him to three and one-half to seven years incarceration for his conviction on the charge of homicide by vehicle while driving under the influence of alcohol, and six to twenty-four months incarceration for his conviction on the charge of recklessly endangering another person, the sentences to run consecutively. He was also fined $25 plus costs for his summary conviction. Appellant filed a motion for reconsideration and/or modification. The lower court denied the motion. This appeal followed.

■■■ Appellant's claim that his conviction for recklessly endangering another person merged with his conviction for homicide by vehicle while driving under the influence of alcohol is an issue of first impression in the appellate courts of this Commonwealth.[4] However, the test for determining whether crimes merge for sentencing purposes was

clarified by our supreme court in *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994). There, the court held "that in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Commonwealth v. Dobbs,* 452 Pa.Super. 488, 682 A.2d 388, 390 (1996) (quoting *Anderson,* 650 A.2d at 22). "The operative inquiry is whether the crimes involved are greater and lesser included offenses, i.e., whether the elements of the lesser included offense are a necessary subcomponent but not a sufficient component of elements of another crime." *Anderson,* 650 A.2d at 23 (citation omitted).

■■■ With this standard in mind, we find that recklessly endangering another person is not a lesser included offense of homicide by vehicle while driving under the influence of alcohol. The crime of recklessly endangering another person is defined as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. The crime of homicide by vehicle while driving under the influence is defined as follows:

Any person who unintentionally causes the death of another person as the result of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the second degree when the violation is the cause of death....[5]

3. Appellant was charged with driving while under the influence, homicide by vehicle, reckless driving, involuntary manslaughter, homicide by vehicle while driving under the influence of alcohol, recklessly endangering another person and driving at an unsafe speed. As a result of a plea bargain, the Commonwealth agreed to withdraw the charges of DUI, homicide by vehicle, reckless driving and involuntary manslaughter. In return, appellant pled guilty to homicide by vehicle while driving under the influence of alcohol, reckless endangerment and driving at an unsafe speed.

4. We note that appellant's merger claim is a challenge to the legality of the sentence. *Commonwealth v. Huckleberry,* 429 Pa.Super. 146,

631 A.2d 1329 (1993). As such, we may consider the merits of his claim.

5. 75 Pa.C.S.A. § 3731 provides, in relevant part, the following:

*(a) Offense defined*—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) while under the influence of any controlled substance ... to a degree which renders the person incapable of safe driving;

(3) while under the combined influence of alcohol and any controlled substance to a degree

75 Pa.C.S.A. § 3735(a). *See Commonwealth v. Kozrad,* 346 Pa.Super. 470, 499 A.2d 1096 (1985).

Clearly, the elements of recklessly endangering another person are not included in the elements of homicide by vehicle while driving under the influence. In fact, the crimes require proof of different elements. Homicide by vehicle while driving under the influence of alcohol explicitly requires a DUI conviction as an element of the crime. *Commonwealth v. Neupert,* 454 Pa.Super. 62, 684 A.2d 627 (1996) (finding that homicide by vehicle is not a lesser included offense of homicide by vehicle while driving under the influence). On the other hand, recklessly endangering another person does not require a DUI conviction. Moreover, "the *mens rea* required for recklessly endangering another person is a conscious disregard of a known risk of death or great bodily harm to another person." *Commonwealth v. Cottam,* 420 Pa.Super. 311, 616 A.2d 988, 1004 (1992) (citations omitted). There is no such *mens rea* required for homicide by vehicle while driving under the influence. *Commonwealth v. Pigg,* 391 Pa.Super. 418, 571 A.2d 438 (1990) (holding that third-degree murder does not merge with homicide by vehicle while driving under the influence for sentencing purposes). A person may be convicted of homicide by vehicle while driving under the influence so long as the killing of another person was the direct result of a violation of 75 Pa.C.S.A. § 3731 (relating to DUI). Accordingly, since both crimes require proof of elements which the other does not, recklessly endangering another person does not merge with homicide by vehicle while driving under the influence of alcohol for sentencing purposes.

We note that appellant argues that the facts which established the grounds for recklessly endangering another person in this case also served as the grounds for homicide by vehicle while driving under the influence of alcohol. Since the crimes were based on the same facts, he argues that the crimes merged. In *Anderson, supra,* our supreme court explicitly rejected this argument. Accordingly, we find appellant's contention to

which renders the person incapable of safe driving;

be meritless, and we affirm the trial court's sentences.

Affirmed.

(4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater. . . .