J-S69009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESTON ELLSWORTH DAUGHERTY, III | |
| Appellant | No. 2073 MDA 2015 |

Appeal from the PCRA Order Entered November 2, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0000707-2013

BEFORE:  STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 23, 2016**

Appellant, Leston Ellsworth Daugherty, III, appeals *pro se* from the November 2, 2015 order denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On September 26, 2013, Appellant pled guilty to homicide by vehicle while DUI, aggravated assault by vehicle while DUI, accident involving death or personal injury, homicide by vehicle, accidents involving damage to an attended vehicle, DUI (general impairment and highest rate of alcohol),[1] and related summary offenses.  The charges arose from a two-car accident that

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735, 3735.1, 3742, 3732, 3743, and 3802(a)(1) and (c), respectively.

occurred on November 3, 2012 in Mount Joy Township, Lancaster County. The driver of the victims' vehicle suffered several broken bones. The driver's wife suffered brain damage and eventually died from her injuries. N.T. Guilty Plea, 9/26/13, at 11-12. On December 3, 2013, the trial court sentenced Appellant to five to ten years of incarceration for homicide by vehicle while DUI, a consecutive two to ten years for aggravated assault by vehicle while DUI, and a consecutive one to five years for accident involving death or injury. The trial court imposed a concurrent two to seven years of incarceration for homicide by vehicle, and one year of probation for accident involving damage to an attended vehicle. The DUI offenses merged for sentencing purposes. The aggregate term of incarceration was 8 to 25 years. Appellant did not file a post-sentence motion or direct appeal.

On April 16, 2014, Appellant filed this timely first PCRA petition. On April 24, 2015, appointed counsel filed a no merit letter and petition for leave to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 21, 2015, the PCRA court issued a notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition and permitted counsel to withdraw on November 2, 2015. Appellant filed this timely *pro se* appeal on November 30, 2015.

Appellant argues his sentence is illegal because the sentences on several counts should have merged. Appellant's argument implicates the legality of his sentence. *Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa. Super. 2007). The legality of a sentence is a non-waivable issue that is cognizable under the PCRA. *Id.*; 42 Pa.C.S.A. §§ 9542 and 9543(a)(2)(vii). We will address the merits of Appellant's argument even though he did not assert it in his PCRA petition or raise it at any time before the PCRA court. Appellant's argument presents a question of law. Therefore we must determine whether the PCRA court's order is free of legal error. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012).

Pennsylvania's merger statute provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. The merger doctrine prevents the Commonwealth from punishing a defendant more than once for the same criminal act. *Commonwealth v. Gatling*, 807 A.2d 890, 894 (Pa. 2002).

Appellant argues that three offenses should merge into the homicide by vehicle while DUI (§ 3735) offense: homicide by vehicle (§ 3732) and his two DUI offenses (§ 3802(a)(1) and (c)). Appellant's Brief at 10-11. As noted above, the sentencing court did merge the DUI offenses. N.T.

J-S69009-16

Sentencing, 12/3/13, at 14. We will therefore confine our analysis to homicide by vehicle while DUI and homicide by vehicle.

The Motor Vehicle Code defines homicide by vehicle while DUI as follows:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3802.

75 Pa.C.S.A. § 3735(a).

Homicide by vehicle occurs where the defendant commits a motor vehicle code violation other than DUI:

> Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

75 Pa.C.S.A. § 3732(a).[2]

---

[2] Section 3732 was amended on November 4, 2016, effective in 60 days. The amendments post-date Appellant's offense and do not affect subsection (a). The same is true for § 3732.1, aggravated assault by motor vehicle, an offense we discuss *infra*.

In **Commonwealth v. Neupert**, 684 A.2d 627 (Pa. Super. 1996), this Court held that homicide by vehicle while DUI and homicide by vehicle do not merge:

> The elements of Homicide by Vehicle are not included in the elements of Homicide by Vehicle/DUI. In fact, the crimes require proof of different elements. Homicide by Vehicle requires the cause of death to be the result of a violation of a motor vehicle law or ordinance other than a DUI violation; for example in this case, racing on highway and failure to yield. On the other hand, Homicide by Vehicle/DUI explicitly requires a DUI conviction as an element of the crime.

**Id.** at 629. In **Neupert**, the defendant pled guilty to DUI and other vehicle code violations including racing on highways, and failure to yield. **Id.** at 628. Thus, homicide by vehicle while DUI and homicide by vehicle did not merge. Similarly, in the instant case, Appellant pled guilty to disregarding a traffic lane, failure to drive at a safe speed, and reckless driving in addition to DUI.[3] **Neupert** is therefore directly on point and controlling.[4] The PCRA court did not err in rejecting Appellant's argument.

Next, Appellant argues that three of his offenses merge with aggravated assault by vehicle (§ 3732.1): accidents involving death or personal injury (§ 3742) and the two DUI offenses (§ 3802(a)(1) and (c)).

_____

[3] 75 Pa.C.S.A. §§ 3309, 3361, and 3736, respectively.

[4] Section 9765 was enacted after **Neupert**, but the **Neupert** Court's analysis is consistent with § 9765. Clearly, neither offense includes all of the elements of the other.

Again, we will limit our analysis to § 3732.1 and § 3742 because the sentencing court properly merged the DUI offenses.

The Motor Vehicle Code defines aggravated assault by vehicle as follows:

> Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except section 3802 (relating to driving under influence of alcohol or controlled substance), is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S.A. § 3732.1(a).

Section 3742(a), governing accidents involving death or personal injury, requires an involved driver to stop at the scene:

> The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3742(a).

These offenses obviously contain different elements. Aggravated assault by vehicle occurs when the perpetrator acts with recklessness or gross negligence in violating the Motor Vehicle Code and causes serious bodily injury to another. Failure to stop at the scene is not an element of that offense. A violation of § 3742(a) occurs where the driver of a vehicle

involved in an accident resulting in death or personal injury fails to stop at the scene. It does not matter whether the driver acted with recklessness or gross negligence and caused the injury. Thus, neither offense contains all of the elements of the other. Aggravated assault by vehicle and failure to stop at the scene of an accident do not merge under § 9765. The PCRA court did not err in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2016