J-A21008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMANDA MARIE RITTER | : | |
| | : | |
| Appellant | : | No. 373 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000835-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMANDA MARIE RITTER | : | |
| | : | |
| Appellant | : | No. 374 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 25, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000846-2020

BEFORE:  LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 7, 2022**

Amanda Marie Ritter appeals from the judgments of sentence,[1] imposed

in the Court of Common Pleas of Lehigh County, following her hybrid guilty

---

[1] Ritter has complied with the dictates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." ***Id.*** at 977.  Ritter filed separate notices of appeal at the above-captioned dockets.  Additionally,
*(Footnote Continued Next Page)*

pleas entered in CP-39-CR-000835-2020 (CR-835-2020) to one count of driving under the influence (DUI)–highest rate, first offense,[2] and in CR-846-2020 to four counts of aggravated assault by vehicle while DUI,[3] and one count each of homicide by vehicle while DUI,[4] DUI–highest rate, second offense,[5] and recklessly endangering another person (REAP).[6] After careful review, we vacate Ritter's sentence with respect to her sentence for DUI-highest rate, second offense, and merge it with her conviction for DUI homicide, and affirm the remainder of Ritter's judgments of sentence.

Case number CR-835-2020 involves a motor vehicle accident that occurred on October 21, 2019, at approximately 1:43 p.m. on Mack Boulevard in Allentown, Lehigh County, Pennsylvania. Ritter was operating a vehicle at a high rate of speed and drove off the road. Allentown Police Officer Emily Bostick arrived on scene and spoke with Ritter, as well as other witnesses. While speaking with Ritter, Officer Bostick observed signs of impairment and

_____

while Ritter only challenges her sentence as to CP-39-CR-0000846-2020 (CR-846-2020), these cases were consolidated in the trial court and, for purposes of our disposition, we have consolidated the appeals *sua sponte*. **See** Pa.R.A.P. 513.

[2] 75 Pa.C.S.A. § 3802(c).

[3] *Id.* at § 3735.1(a).

[4] *Id.* at § 3735(a)(1)(i).

[5] *Id.* at § 3802(c).

[6] 18 Pa.C.S.A. § 2705.

a subsequent blood test revealed that Ritter's blood alcohol content (BAC) was 0.19%. Additionally, Officer Bostick discovered that Ritter's driver's license was suspended.

Case number CR-846-2020 involves a separate motor vehicle accident that occurred on January 14, 2020, at approximately 8:13 p.m. at the intersection of Mauch Chunk and Overlook Roads in Allentown, Lehigh County, Pennsylvania. Allentown Police Officer Daniel Haas responded to the scene and observed two vehicles that had sustained heavy damage. Ritter was operating a gray Saturn Vue with two passengers, Antoine Thompson and Tyler Skulteti, Ritter's brother. Ritter had been driving in excess of 80 miles per hour when she collided with the second vehicle, a tan Chevrolet Malibu operated by Keianna Allen. Allen had three passengers, Yasmine Woodruff in the front passenger seat, and Khireim Allen and Na'Taiya Allen in the rear seat.

Witnesses informed Officer Haas that Allen made a left turn in front of Ritter's vehicle. Ritter, who had a green light, was driving at an "excessive" speed when she collided with the passenger side of Allen's vehicle. As a result of the collision, Woodruff died at the scene. Four of the other victims suffered life-threatening injuries. Ritter informed Officer Haas that she had been at the cemetery mourning the one-year anniversary of her mother's death. Ritter, Thompson, and Skulteti, had been drinking earlier in the day prior to arriving at the cemetery. It was later determined that Ritter had been

traveling at approximately 81 miles per hour. The posted speed limit was 35 miles per hour. Additionally, a blood test revealed Ritter's BAC was 0.18%.

On January 17, 2020, Ritter was arrested and charged, at CR-835-2020, with, *inter alia*, the above mentioned DUI-highest rate, first offense. Additionally, on January 24, 2020, Ritter was charged, at CR-846-2020, with, *inter alia*, the above mentioned DUI homicide and related offenses.

On August 2, 2021, Ritter entered into hybrid guilty pleas to the above-mentioned offenses at both dockets. The parties agreed to withdraw the remaining offenses. There was no agreement on sentencing. The trial court accepted Ritter's guilty plea, ordered the preparation of a pre-sentence investigation report (PSI), and deferred sentencing.

On October 25, 2021, Ritter proceeded to sentencing. At CR-835-2020, the trial court sentenced Ritter to a period of three days to six months in prison for her conviction of DUI–highest rate, first offense. At CR-846-2020, the trial court sentenced Ritter to five to ten years in prison for her conviction of DUI homicide, three to six years for each conviction of aggravated assault by vehicle while DUI, four months to two years for her REAP conviction, and 90 days to five years in prison for her conviction of DUI–highest rate, second offense. Ritter's convictions for DUI homicide, REAP, and aggravated assault by vehicle while DUI were imposed consecutively. Ritter's convictions for both counts of DUI-highest rate were imposed concurrently to her DUI homicide conviction. As a result, Ritter's aggregate sentence is 17 years and 4 months to 36 years in prison.

- 4 -

On November 4, 2021, Ritter filed a post-sentence motion to reconsider and modify sentence. The trial court granted reconsideration and scheduled a hearing. After the hearing, on January 24, 2022, the trial court modified Ritter's sentence with respect to the various fines, but otherwise denied Ritter's motion with respect to her period of incarceration. Consequently, Ritter's aggregate sentence remained at 17 years and 4 months to 36 years' incarceration.

Ritter filed timely notices of appeal[7] and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

_____

[7] Our review of the record reveals that the trial court's order granting, in part, and denying, in part, Ritter's post-sentence motion only included CR-846-2020 in the caption. On February 16, 2020, after Ritter had filed both of her notices of appeal, the trial court issued a corrected order that included CR-835-2020 in the caption. Thus, Ritter's notice of appeal in CR-835-2020 was premature. Nevertheless, this does not foreclose our review because the error was merely clerical, and the trial court's February 16, 2020 amended order corrected that clerical error. *See Commonwealth v. Callen*, 198 A.3d 1149, 1156 n.4 (Pa. Super. 2018) (trial court may correct caption where clear clerical errors, upon review of record, were patent defects or mistakes). Instantly, Ritter was sentenced at both dockets on the same date, the sentencing orders reference each other, and Ritter filed a post-sentence motion including both dockets. Furthermore, it is clear from the context of the post-sentence motion hearing and the trial court's order disposing of Ritter's post-sentence motion that the trial court intended to address both dockets in the same order. *See* Order, 1/24/22, at 1. Accordingly, the trial court's omission of CR-835-2020 from the caption was a clear clerical mistake and we, therefore, decline to quash Ritter's appeal. *See Callen*, *supra*.

Moreover, we note two additional bases to not quash Ritter's appeal. First, while Ritter's appeal was premature, Pa.R.A.P. 905(a) provides that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and
*(Footnote Continued Next Page)*

Ritter now raises the following claims for our review:

1. In case CR-846-2020, did the [trial] court abuse its discretion by imposing sentences based solely on the nature and circumstances of the crimes and impact on the victims without regard for the defendant's individual circumstances or factors in section 9721([b]) and 9781([d])[,] resulting in an excessive and unduly harsh aggregate sentence of 17 years [and] 4 months to 36 years?

2. In case CR-846-2020, did the [trial] court impose an illegal sentence for count 20, DUI[-highest rate], when it failed to apply the merger doctrine?

Brief for Appellant, at 6.

In her first claim, Ritter challenges the discretionary aspects of her sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of her sentence, we must consider her brief on the issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

_____

on the day thereof." Thus, the premature nature of Ritter's appeal is of no moment. Second, as noted above, because we consider the trial court's omission to be a clear clerical mistake, we could likewise conclude that it is a non-substantial technical amendment. *See* Pa.R.A.P. 1701(b)(1) (permitting trial courts to correct formal errors in papers after an appeal is taken, so long as they have "no effect on the appeal or petition for review and cannot prompt a new appealable issue"). Instantly, we consider the caption correction to be a non-substantial technical amendment and, because Ritter challenges only her sentence at CR-846-2020, the trial court's correction likewise has no effect on the appeal before this Court. Therefore, these two rationales support our conclusion to review Ritter's appeal.

[this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Instantly, Ritter filed timely notices of appeal, post-sentence motions, and has included a Rule 2119(f) statement in her brief. Additionally, Ritter's claim that the trial court imposed excessive, aggravated-range, sentences while ignoring her character, background, rehabilitation, and mitigating circumstances, *see* Brief for Appellant, at 18-23, raises a substantial question. *See Commonwealth v. Lewis*, 45 A.3d 405, 411 (Pa. Super. 2012) (en banc) (claim that sentencing court focused exclusively on seriousness of offense raised substantial question); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (failure to consider rehabilitative needs and protection of society raised substantial question); *Commonwealth v. Bromley*, 862 A.2d 598, 604 (Pa. Super. 2004) (substantial question existed where appellant claimed trial court sentenced in aggravated-range without adequate reasons). Additionally, Ritter's claim that the trial court imposed consecutive, aggravated-range, sentences without considering her character and her likelihood of reoffendering, *see* Brief for Appellant, at 18-23, similarly raises a substantial question. *See Moury*, 992 A.2d at 171-72 (substantial

question existed where appellant claimed consecutive sentences resulted in unduly harsh aggregate sentence). Accordingly, we will review the merits of Ritter's discretionary aspects of sentencing claim.[8]

We adhere to the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived as a manifestly unreasonable decision.

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it

---

[8] We note that in Ritter's Rule 2119(f) statement, she raised eight questions for this Court. However, six of them are related and are summarized above. We conclude that the remaining two are waived for lack of specificity. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (this Court does not accept bald assertions of sentencing errors appellants must articulate reasons sentencing court's actions violated Sentencing Code). Nevertheless, Ritter has raised substantial questions and, accordingly, we review the discretionary aspects of her sentence.

relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. ***Id.***

At the sentencing hearing, the trial court stated as follows:

This case has a certain amount of tragedy for both sides. Certainly, there's been an extensive loss of life and emotional trauma to the victim[s]' families here. [] Ritter, based upon what was described in the correspondence[,] the letters[,] and in the reports of your childhood, I think it[']s safe to say you had a horrific upbringing. That you should not be blamed or held accountable necessarily for the failure of your mother to offer you the care and consideration that she should have. However, we all ultimately have to be responsible for our own actions.

You will have the benefit of a woman who is 31 . . . of being able to spend some time with your children. That is an opportunity that the victim's family does not have. . . . In imposing the following sentences [] I have considered th[e] nature of the actions which led to the death of Ms. Woodruff, as well as the horrific level of injur[ies.]

\*     \*     \*

These injuries [include] a pneumothorax and spleen laceration, a liver laceration[,] and pulmonary contusion to Khireim Allen. Na'Taiya Allen, an eight-year-old, received [an] open skull fracture, a gross hematuria, an epidural hematoma, and lacerations. And for Keianna Allen, an 18-year-old[], a closed fracture to the right side of her body. Mr. Thompson, [a] passenger in [] Ritter's [] vehicle[,] suffered a pulmonary contusion and a large laceration to his neck. [] Mr. Thompson was nearly ejected from the vehicle through the windshield. . . .

So based upon all these considerations, the fact that [Ritter] was driving twice the speed limit, was operating a vehicle with twice the legal limit of alcohol in her system on the night of January 14[],2020, an event which had been preceded just three months before by an earlier DUI incident, and her substantial record of driving without being legally licensed[.]

\* \* \*

The record should reflect I did not consider [] comments about [] Ritter expressing a lack of remorse. I believe it's entirely credible that, based upon her extended length of incarceration, her potential use of psychotropic medication, and the fact that people just don't exhibit emotions the same way that everybody else does, that I have not taken into account any supposed lack of remorse. Also, [the court takes] recognition of the [sentencing] memo[randum submitted by the defense attorney.] I did not impose beyond the aggravated range . . . based upon the significant psychological trauma I believe [] Ritter went through during her upbringing.

\* \* \*

I believe this is commensurate with the level of injury that was caused by the defendant's actions on this date. It should be note[d], for the record, that in preparation for this particular sentence I imposed, I did fully consider the [PSI] without any [sentencing] recommendations[.] I did not come to any predetermined opinion until I came to court today and listened to the testimony of all individuals involved.

\* \* \*

I am very sympathetic to everything that was brought out on [Ritter's] side of the case with the things [she] had to go through with [her] mother. But, at some point, there had to be some accountability and responsibility taken[.] And . . . [the c]ourt feels that this sentence has to amply demonstrate the severity of the crimes[.]

N.T. Sentencing, 10/25/21, at 60-62, 69-72.

Additionally, in its opinion, the trial court addressed Ritter's claim as follows:

The [c]ourt did not dismiss [Ritter]'s traumatic upbringing[,] which was discussed in detail in the PSI. The [c]ourt was also aware that [Ritter] did not have a prior criminal record before these incidents. The [c]ourt considered [Ritter]'s character, the circumstances of the incident, and all other relevant factors. The reasons for the aggravated range, as well as the imposition of consecutive sentences, were clearly stated on the record.

On January 14, 2020, grieving the passing of her mother one year prior, [Ritter] chose to drink alcohol. [Ritter] then chose to drive a vehicle. This was three months after she was personally injured while [DUI] in a situation where she drove her car off the road and into a wooded area while speeding. . . . Despite that prior situation[,] which should have made [Ritter] acutely aware of the risks of drinking and driving, she nonetheless operated that vehicle at roughly double the speed limit and was therefore incapable of stopping it when the victim's vehicle turned onto the road in front of her. As a result of these choices, one person died and numerous others were severely injured. [Ritter] received the benefit of a plea bargain[,] which drastically limited her exposure with respect to the possible sentence she could have received. The sentence imposed is not strictly punitive or retributive. Rather, it is a reflection of the seriousness of [Ritter]'s offense, the likelihood that she would reoffend, and the risk [Ritter] poses to the community[.]

Trial Court Opinion, 3/1/22, at 11-12.

Our review confirms that the trial court considered all of the relevant sentencing factors, and appropriately set forth its reasons for imposing consecutive, aggravated-range sentences. *See* 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) ("The sentencing court merely chose not to give the mitigating factors as much weight as [a]ppellant would have liked[.] We cannot re-weigh the sentencing

factors and impose our judgment in place of the sentencing courts."). Indeed, as highlighted above, the trial court considered various letters and memoranda about Ritter's upbringing and childhood traumas. *See* N.T. Sentencing, 10/25/21, at 60, 69-72. The trial court heard testimony from Ritter's aunt, Cynthia Delong, about the struggles Ritter has faced in her life, as well as Ritter's challenges in raising her children as a single mother. *Id.* at 25-30. Moreover, we note that the trial court had the benefit of a PSI, which the trial court expressly stated that it had considered. *See id.* at 70-72; Trial Court Opinion, 3/1/22, at 4-5, 11; *see also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where sentencing court considered PSI, it is presumed court was "aware of relevant information regarding the defendant's character and weighed those considerations along with the mitigating statutory factors"). Therefore, we conclude that the trial court did not abuse its discretion in imposing Ritter's sentence, and that Ritter's challenge to the discretionary aspects of her sentence is without merit. *See Macias*, *supra*; *Robinson*, *supra*.

In her second claim, Ritter contends that the trial court imposed an illegal sentence by failing to merge her convictions of DUI-highest rate and DUI homicide at CR-846-2020. Brief for Appellant, at 50-51. Ritter asserts that the parties and the trial court agreed that the offenses were to merge at sentencing and that no sentence should have been imposed for DUI–highest rate. *Id.* Ritter raises this claim for the first time in her appellate brief. Additionally, we note that the Commonwealth, in its brief, has conceded this

- 12 -

claim and agrees that the trial court erred in failing to merge the DUI-highest rate and DUI homicide convictions. *See* Brief for Appellee, at 14-15. We agree.

"A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." *Commonwealth v. Snyder*, 870 A.2d 336, 349 (Pa. Super. 2005) (quotation marks omitted). "An illegal sentence must be vacated." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). Additionally, legality of sentence claims may be raised for the first time on appeal. *See Commonwealth v. Wolfe*, 140 A.3d 651, 660 (Pa. 2016) ("[I]egality of sentence claims are not subject to the traditional waiver doctrine").

Upon review of the record, we agree with the parties. *See* N.T. Guilty Plea, 8/2/21, at 3 (wherein parties agreed DUI-highest rate and DUI homicide merged at sentencing); N.T. Sentencing, 10/25/21, at 9, 67 (wherein parties and trial court agreed that DUI-highest rate and DUI homicide merged); *see also Commonwealth v. Tanner*, 61 A.3d 1043, 1047 (Pa. Super. 2013) (vacating sentences where trial court failed to merge DUI and DUI homicide offenses for sentencing purposes); *Commonwealth v. Neupert*, 684 A.2d 627, 628-29 (Pa. Super. 1996) ("The law is clear that DUI merges with [DUI homicide] for sentencing."). Nevertheless, our correction of the sentence does **not** interfere with the trial court's sentencing scheme and, thus, we need not remand for a new sentencing hearing. Rather, we may directly amend this

- 13 -

error.  ***See Commonwealth v. Klein***, 795 A.2d 424, 430 (Pa. Super. 2002) (where this Court's disposition does not upset trial court's sentencing scheme, remand is unnecessary).

In summary, we affirm Ritter's sentence with respect to her DUI-highest rate conviction at CR-835-2020.  Additionally, we affirm Ritter's sentence at CR-846-2020 with respect to the discretionary aspects of her sentence. However, at CR-846-2020, we vacate Ritter's sentence with respect to her conviction for DUI-highest rate and merge her convictions for DUI-highest rate (Count 20) and DUI homicide (Count 1) for sentencing purposes.

Judgments of sentence affirmed, in part, and vacated, in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2022