J-S34038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JENNIFER CHERI JOHNSON | : | |
| | : | |
| Appellant | : | No. 219 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 6, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002141-2021

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED JANUARY 06, 2026**

Jennifer Cheri Johnson ("Appellant") appeals from the judgment of sentence imposed after she was convicted of various offenses after an automobile accident in which she was driving while intoxicated.  In this Court, Appellant's counsel, Diana C. Kelleher, Esquire, has concluded that Appellant has no non-frivolous issues to raise on appeal, and has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we grant Attorney Kelleher's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant, who was pregnant at the time, was driving her car with her 11-year-old son in the passenger seat when a serious automobile accident occurred on February 23, 2021.  Appellant's car was seen speeding and swerved into oncoming traffic, seriously injuring two people in the car that

was cresting the hill in the opposite direction. Appellant's young son perished as a result of this accident. Thereafter, she was charged with the following offenses: aggravated assault of an unborn child, 18 Pa.C.S. § 2606(a); homicide by vehicle while driving under the influence (DUI), 75 Pa.C.S. § 3735(a)(1)(ii)(A); aggravated assault by vehicle while DUI, 75 Pa.C.S. § 3735.1(a); homicide by vehicle, 75 Pa.C.S. § 3732(a); aggravated assault by vehicle, 75 Pa.C.S. § 3732.1(a); three counts of accidents involving death or injury while non-licensed, 75 Pa.C.S. § 3742.1(a)(1); endangering the welfare of a child, 18 Pa.C.S. § 4304(a); DUI – general impairment, 75 Pa.C.S. § 3802(a)(1); DUI – highest amount of alcohol, 75 Pa.C.S. § 3802(c); four counts of recklessly endangering another person, 18 Pa.C.S. § 2705; driving with a BAC[1] of .02 or greater while DUI suspended, 75 Pa.C.S. § 1543(b)(1.1)(i); two counts of failing to use safety belts, 75 Pa.C.S. § 4581(a)(2)(i); reckless driving, 75 Pa.C.S. § 3736(a); driving at an unsafe speed, 75 Pa.C.S. § 3361; driving on roadways laned for traffic, 75 Pa.C.S. § 3309(1); and driving on the right side of the roadway, 75 Pa.C.S. § 3301(a).

On June 5, 2024, Appellant entered a plea of *nolo contendere* to all charges. However, on August 23, 2024, she was permitted to withdraw that plea and proceed to a non-jury trial. Trial took place between December 2 and December 4 of 2024, after which Appellant was convicted of all counts with the exception of Count 1, aggravated assault of an unborn child. The

---

[1] BAC stands for "blood alcohol concentration." ***See, e.g.***, ***Commonwealth v. Peters***, 320 A.3d 1231, 1234 (Pa. Super. 2024) (providing definition).

trial court imposed an aggregate sentence of 9 to 22 years' incarceration on December 6, 2024.

Appellant filed a timely post-sentence motion on December 16, 2024, challenging the discretionary aspects of her sentence. This motion was denied. Order, 1/15/25. Appellant filed a timely notice of appeal on February 14, 2025. Attorney Kelleher then informed the trial court of her intent to file an **Anders** brief under Pa.R.A.P. 1925(c)(4). The trial court issued an opinion addressing the discretionary aspects of Appellant's sentence on April 16, 2025. Counsel ultimately filed an **Anders** brief and request to withdraw with this Court. In her **Anders** brief, counsel states that she reviewed the sufficiency of the evidence, and the legality and discretionary aspects of Appellant's sentence, and found no non-frivolous claims that she could raise on appeal. **See Anders** Brief at 11.

Before assessing whether Appellant's claims are frivolous, we must first address Attorney Kelleher's petition to withdraw. When faced with such a filing, this Court "must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." **Commonwealth v. Weitzel**, 304 A.3d 1219, 1223 (Pa. Super. 2023).

When seeking to withdraw as counsel on a direct appeal under **Anders**, counsel must file a petition stating that he or she has made a conscientious examination of the record and has determined that the appeal would be frivolous. **Commonwealth v. Watts**, 283 A.3d 1252, 1254 (Pa. Super.

2022). Further, counsel must also file a brief referring to any issues that might arguably support the appeal. *Id.* The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide a copy of the *Anders* brief to his or her client, advise the appellant of his or her right to retain a new lawyer or to proceed *pro se* on appeal, and inform the appellant that he or she may raise any additional points that the appellant deems worthy of the court's attention. *Weitzel*, 304 A.3d at 1223. After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court will then "conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous." *Id.* at 1224.

We conclude that counsel has complied with each of the requirements under *Anders* and *Santiago*. Attorney Kelleher indicates that she made a conscientious examination of the record, and her *Anders* brief includes a summary of the relevant history of the case, refers to the pertinent portions of the record, and sets forth the conclusion that Appellant's appeal is frivolous.

Counsel also explains her reasoning in reaching that conclusion, and supports her rationale with citations to the record and pertinent legal authority. Further, the record includes both counsel's petition to withdraw and a copy of the letter sent to Appellant in which Attorney Kelleher informed Appellant of her right to proceed *pro se*, retain private counsel, or withdraw her appeal. The letter further informed Appellant that she had the right to raise any additional points to this Court as she deemed necessary.[2]  Accordingly, Attorney Kelleher has complied with the technical requirements for withdrawal.  We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues she could pursue on appeal.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 819 (Pa. Super. 2011).

The first issue addressed by counsel for Appellant relates to the sufficiency of the evidence for each of her convictions.  Our standard of review for a claim challenging the sufficiency of the evidence is well-established:

> Because a determination of the sufficiency of the evidence presents a question of law, our standard of review is *de novo* and our scope of review is plenary.  Further, we analyze this issue under the following guidelines:
>
>> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission

---

[2] Appellant has not filed a reply to counsel's ***Anders*** brief.

thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

*Commonwealth v. Henck*, 342 A.3d 726, 731–32 (Pa. Super. 2025) (internal citations and quotation marks omitted).

We address Appellant's convictions in a different order from the listings on Appellant's docket. First, we address Appellant's convictions for DUI. Appellant was convicted of both DUI – general impairment, 75 Pa.C.S. § 3802(a)(1) and DUI – highest amount of alcohol, 75 Pa.C.S. § 3802(c). The DUI statute provides:

### § 3802. Driving under influence of alcohol or controlled substance

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

\*\*\*

**(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a), (c).

With respect to a conviction under subsection (a)(1), the Commonwealth must prove the following elements: that the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol. ***Commonwealth v. Teems***, 74 A.3d 142, 145 (Pa. Super. 2013). This Court has explained:

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary[.]

***Id.***

In the case at bar, the Commonwealth provided testimony from a witness to Appellant's driving, Nicholas Artale, who recorded Appellant's accident from the dash-cam mounted on his windshield. N.T., 12/2/24, at 22.[3] Mr. Artale described a purple Honda pass him on the roadway: "It caught my attention because it was a little bit erratic and moving by me pretty quickly. It passed by me on the left-hand side, was swerving, looked like it was trying to correct kind of back into their lane but kept kind of swerving around." ***Id.*** at 17. Mr. Artale testified that the Honda was travelling somewhere between 55 and 60 miles per hour just before the crash, in an

---

[3] The video from Mr. Artale's dash cam was turned over to police and admitted into evidence at Appellant's trial. ***Id.*** at 24.

- 7 -

area with a 25-mile per hour speed limit. *Id.* at 27, 30. The vehicle swerved into oncoming traffic and hit another car head-on as it crested a hill. *Id.* at 18. Mr. Artale identified Appellant as the Honda's driver. *Id.* at 20. When he arrived at the crashed car to see about helping the occupants, Appellant was unconscious but her young son was not; he was trapped in the passenger seat, asked Mr. Artale for help, and said that his leg hurt. *Id.* at 21.

Another witness to the accident, Gabriel Sussman, testified that he saw a Honda sedan driving erratically and at "an extremely high rate of speed." *Id.* at 37. Mr. Sussman opined that the Honda was travelling between 60 and 70 miles per hour. *Id.* at 39. He had to move out of the way of the speeding car and saw the crash in his rear-view mirror. *Id.* at 40.

Erik Rodriguez, a medic with the Lancaster EMS, responded to the accident. When approaching Appellant's car, he saw Appellant in the driver's seat, screaming in pain. *Id.* at 86. Mr. Rodriguez stated that he saw open beer cans, a bottle of wine, and numerous prescription bottles in Appellant's vehicle. *Id.* at 87. Appellant was combative and did not want medical treatment. *Id.* In his report, Mr. Rodriguez noted that Appellant appeared to be intoxicated and her breath smelled like alcohol. *Id.* at 90. She also had slurred speech and would not comply with treatment requests; but she denied using alcohol. *Id.* at 90, 94-95.

Police Corporal Joshua Gay testified that he arrived on scene and saw Appellant in the driver's seat of the Honda, trapped under the dashboard. *Id.* at 107. Appellant was rambling nonsensically while trapped in the car. *Id.* at

109. Corporal Gay testified that Appellant's son was awake as he was trapped in the passenger's seat, crying, and he asked the officer not to take his mom to jail. *Id.* at 112. Corporal Gay testified that he believed that the child was referring to his mother being intoxicated, as there was an overwhelming odor of alcohol in the vehicle, as well as open containers and a wine bottle that still held some white wine inside the car. *Id.* at 112, 114. Corporal Gay testified that Appellant's overall demeanor, lack of orientation to the current situation, and slurred speech were all indicators that she was intoxicated. *Id.* at 116. Further, Corporal Gay stated that in the ambulance on the way to the hospital immediately after the crash, Appellant was semi-conscious, unaware of her surroundings, and combative with the medical staff trying to help her. *Id.* at 128. Corporal Gay stated that he told hospital personnel that he would be obtaining a warrant for Appellant's blood in connection with his investigation; he received Appellant's blood samples the next day for testing. *Id.* at 133-34. The BAC of Appellant's blood was determined to be .262. *Id.* at 138.

Based upon this evidence, Appellant was convicted of DUI – general impairment pursuant to section 3802(a)(1), and DUI – highest rate of alcohol pursuant to section 3802(c). After review, we conclude that the evidence adduced at trial sufficiently supports each of these convictions. ***See Commonwealth v. Donoughe***, 243 A.3d 980 (Pa. Super. 2020) (finding the evidence sufficient to support a conviction for DUI-general impairment where the officer testified that Donoughe acted intoxicated during the traffic stop, had a strong odor of alcohol, bloodshot and glassy eyes, and moved very

slowly while looking for his papers); ***Commonwealth v. Eichler***, 133 A.3d 775 (Pa. Super. 2016) (finding sufficient evidence to support the convictions for DUI – general impairment and DUI – highest rate of alcohol, where an eyewitness observed a black pick-up truck driving erratically, swerving off the road into a violent collision and then, an hour later, when an officer visited the defendant's home and found the truck with extensive front and passenger side damage in the driveway, the defendant appeared to be intoxicated, had a strong odor of alcohol about him, slurred his speech, and had a BAC of .30%). We agree with counsel that an appeal based on the sufficiency of the evidence on these counts is frivolous.

Appellant was also convicted of homicide by vehicle while DUI. That offense is set forth in our Vehicle Code as follows:

**§ 3735. Homicide by vehicle while driving under influence**

**(a) Offense defined.--**

(1) A person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802:

\* \* \*

(ii) is guilty of a felony of the first degree if, before sentencing on the present violation, the person has incurred a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition for any of the following:

(A) An offense under section 3802.

75 Pa.C.S. § 3735(a)(1)(ii). A conviction for homicide by vehicle while DUI has two requirements: 1) a conviction for DUI, and 2) proof that this violation caused the death of someone. **Commonwealth v. McCurdy**, 735 A.2d 681, 685 (Pa. 1999).

Appellant was also convicted of homicide by vehicle under section 3732(a), which provides:

### § 3732. Homicide by vehicle

**(a) Offense.--**Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

75 Pa.C.S. § 3732(a). "Homicide by Vehicle requires the cause of death to be the result of a violation of a motor vehicle law or ordinance other than a DUI violation; for example, … racing on highway and failure to yield. On the other hand, Homicide by Vehicle/DUI explicitly requires a DUI conviction as an element of the crime." **Commonwealth v. Neupert**, 684 A.2d 627, 629 (Pa. Super. 1996). Because these are two separate offenses that do not include all of the same statutory elements, they do not merge. **Id.**

There is no question that the accident here caused the death of Appellant's 11-year-old son. **See** Stipulation dated 12/2/24, Commonwealth Exhibit 16 (noting Appellant's son's death occurred on February 24, 2021, following the crash). In addition, Appellant was convicted of multiple motor

- 11 -

vehicle code violations in connection with this accident, including reckless driving and driving at an unsafe rate of speed. Thus, the evidence is sufficient to support the homicide by vehicle conviction. **See Neupert**, **supra** (finding the evidence sufficient to support homicide by vehicle conviction where the defendant was convicted of racing on the highway and failure to yield, as well as causing the death of another person); **see also Commonwealth v. Johnson**, 846 A.2d 161 (Pa. Super. 2004) (finding the evidence sufficient to support a homicide by vehicle conviction under this section, where the evidence showed that the defendant had driven his vehicle at an unsafe speed and, as a result, his car struck and killed the victim).

Moreover, the evidence proved that Appellant was driving while intoxicated, was convicted of a DUI offense, and caused the death of her young son via the accident; accordingly, the evidence is sufficient to support her conviction for homicide by vehicle while DUI. **McCurdy**, **supra**. **See also Commonwealth v. Smith**, 808 A.2d 215 (Pa. Super. 2002) (finding the evidence sufficient for a homicide by vehicle while DUI conviction where the evidence showed that the defendant, while driving drunk, crossed over the center line and collided with the victim on the fog line, causing the victim's death).

Appellant was also convicted of aggravated assault by vehicle while DUI under 75 Pa.C.S. § 3735.1(a), and aggravated assault by vehicle under 75 Pa.C.S. § 3732.1(a). These statutes provide:

## § 3735.1. Aggravated assault by vehicle while driving under the influence

(a) Offense defined.—Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a).

## § 3732.1.  Aggravated assault by vehicle

a) Offense.--Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except section 3802 (relating to driving under influence of alcohol or controlled substance), is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S. § 3732.1(a).  Like the two homicide by vehicle code sections, these aggravated assault by vehicle convictions each require that the defendant negligently cause serious bodily injury, either while also committing a DUI offense or while committing another vehicle code violation.  *See generally Commonwealth v. Black*, 323 A.3d 860 (Pa. Super. 2024) (discussing the elements of the two statutory provisions).  Serious bodily injury is defined as any injury creating a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of a body part or organ.  75 Pa.C.S. § 102.

In the case at bar, Appellant caused serious bodily injury to the two victims from the other vehicle that she hit during this accident.  Kathleen

Brader testified that she went to the hospital after her car collided with Appellant's car and that she no longer has a functioning spleen. N.T. at 60-61. Mrs. Brader's husband Robert, who was driving at the time of the accident, testified that the accident caused his Lisfranc Syndrome, a condition that occurred when all the bones at the top of his foot were broken. *Id.* at 71. Mr. Brader spent about a week in the hospital recovering from his injuries. *Id.* at 72. Mrs. Brader was in the hospital for about two weeks, recovering from her spleen injury and from several broken ribs sustained during the crash. *Id.* at 73.

Thus, the evidence shows that both Mrs. Brader and Mr. Brader suffered from serious bodily injury as a result of this accident. Moreover, Appellant was convicted of DUI as well as non-DUI vehicle offenses as a result of this crash. Accordingly, Appellant's convictions for aggravated assault by vehicle while DUI and aggravated assault by vehicle are supported by sufficient evidence. *Commonwealth v. Grays*, 167 A.3d 793 (Pa. Super. 2017) (finding the evidence sufficient to support aggravated assault by vehicle and aggravated assault by vehicle while DUI convictions where the victim's injuries — a wrist injury, a bowel perforation, and other injuries which created a significant potential of infection and septic shock — constituted serious bodily injuries). Again, a sufficiency appeal of these convictions would be frivolous.

Appellant was also convicted of three counts of accidents involving death or personal injury while not properly licensed, which is defined as follows:

**§ 3742.1. Accidents involving death or personal injury while not properly licensed**

**(a) Offense defined.--**A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license and applicable endorsements for the type and class of vehicle being operated[,] commits an offense under this section if the person was the driver of any vehicle and:

(1) caused an accident resulting in injury or death of a person[.]

75 Pa.C.S. § 3742.1(a).

In the present case, the Commonwealth presented to the trial court a copy of Appellant's certified driving history, which noted that the status of Appellant's driver's license was "suspended and expired." N.T. at 363. The three counts of this offense each refer to a separate victim: Mrs. Brader, Mr. Brader, and Appellant's deceased son. We have already concluded that Appellant caused the accident in question. Thus, the evidence supports these three convictions. Any challenge to the sufficiency of the evidence to support these convictions would be frivolous.

Appellant was also convicted of violating 18 Pa.C.S. § 4304(a)(1), endangering the welfare of a child. Section 4304 provides, in relevant part: "A parent … supervising the welfare of a child under 18 years of age … commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1). Because this is a specific intent offense, the Commonwealth must prove that a defendant *knowingly* violated a duty of care to the child. *Commonwealth v. Delamarter*, 302 A.3d 1195, 1201 (Pa. Super. 2023). Driving under the

influence is not, without more, sufficient proof of the offense of endangering the welfare of a child; rather, evidence of driving under the influence "must be accompanied with other tangible indicia of unsafe driving to a degree that creates a substantial risk of injury which is consciously disregarded." *Id.* at 1202 (quoting *Commonwealth v. Mastromatteo*, 719 A.2d 1081, 1083 (Pa. Super. 1998)).

Here, the evidence showed that Appellant was supervising her 11-year-old son while driving him in her vehicle. He was not wearing a seat belt. Appellant was traveling at a high rate of speed and her vehicle crossed the center line into oncoming traffic, causing a head-on collision with another vehicle. A conviction for endangering the welfare of a child requires proof of circumstances that could threaten the child's physical or psychological welfare. *See Delamarter*, 302 A.3d at 1205 (citing *Commonwealth v. Martir*, 712 A.2d 327, 329-30 (Pa. Super. 1998)). The evidence is sufficient here to support Appellant's conviction for endangering the welfare of a child. *Id.* (finding the evidence sufficient to support a conviction for endangering the welfare of a child where the appellant, an intoxicated driver who had his children in the car with him, had been speeding and was distracted by reading a text message when he struck a guide rail).

Appellant was also convicted of four counts of recklessly endangering another person under 18 Pa.C.S. § 2705. The four counts refer to endangering Mr. and Mrs. Brader, Appellant's deceased son, and Gabriel Sussman, who testified that he had to avoid Appellant's speeding vehicle. This

crime is proven where a defendant "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

We note that "the decision to drive while under the influence of alcohol and/or a controlled substance does not, standing alone, constitute malice [for this offense]." *Commonwealth v. Packer*, 168 A.3d 161, 170 (Pa. 2017). Nonetheless, a conviction is proper where the driver consciously disregards a substantial risk of injury by driving while intoxicated in an unsafe manner. *See Mastromatteo*, *supra*.

Here, not only was Appellant driving while intoxicated, and without a seat belt on herself or her young son, but she also drove in excess of the speed limit and swerved her car, crossing into oncoming traffic, causing a head-on collision. This evidence supports her four convictions for recklessly endangering another person. *See Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa. Super. 2009) (holding that the evidence was sufficient to support convictions for recklessly endangering another person, reckless driving, and aggravated assault while DUI where the appellant had consumed an excessive amount of alcohol, sped while DUI, failed to utilize the high beams in the vehicle, and carelessly drove over a fog line in the roadway, hitting a pedestrian with substantial force). A sufficiency challenge to these convictions is frivolous.

Appellant was additionally convicted of driving while operating privilege is suspended or revoked, under the following section of the Vehicle Code:

**§ 1543. Driving while operating privilege is suspended or revoked**

\*\*\*

(1.1)(i) A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing … and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked … because of a violation of section … 3802 … shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S. § 1543(b)(1.1)(i).

We have already concluded that the Commonwealth provided sufficient evidence that Appellant's driver's license was suspended at the time of the accident. *See* N.T.at 363 (adding a copy of Appellant's driving record to the trial record). We also have concluded that the evidence sufficiently proved that Appellant was driving with an amount of alcohol in her system greater than .02%. The evidence is sufficient to support this conviction.

Appellant's conviction for reckless driving is also supported by sufficient evidence. That provision states:

**§ 3736. Reckless driving**

**(a) General rule.--**Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

75 Pa.C.S. § 3736(a). To satisfy the elements of this offense, the offender's driving "must be a gross departure from prudent driving standards." *Commonwealth v. Greenberg*, 885 A.2d 1025, 1027 (Pa. Super. 2005). We have no trouble concluding that the evidence was sufficient to sustain

Appellant's conviction of reckless driving, where the testimony of several eyewitnesses, as well as accident reconstruction, proved that Appellant drove with a BAC of .262 at over 68 miles per hour in an area with a 25-mile-per-hour speed limit and caused a head-on collision. *See Commonwealth v. Best*, 120 A.3d 329 (Pa. Super. 2015) (finding the evidence sufficient to support a reckless driving conviction where the testimony established that the defendant drove while under the influence of alcohol and marijuana, and swerved his car into the opposite lane of travel, causing a head-on collision).

The following summary traffic offenses are likewise supported by sufficient evidence in the record, to wit: 75 Pa.C.S. § 4581, failing to use seat belts (neither Appellant nor her son were wearing seat belts at the time of the accident, N.T. at 108-09, 242-43); 75 Pa.C.S. § 3361, driving vehicle at safe speed (accident reconstruction showed Appellant had an average speed of 68.28 miles per hour just before the collision, where the speed limit was 25 miles per hour, N.T. at 319); 75 Pa.C.S. § 3309, driving on roadways laned for traffic, requiring vehicles to drive entirely within a single lane of traffic (testimony from other drivers established that Appellant crossed the center line of traffic before colliding with the other car, N.T. at 18-19, 37-39) and 75 Pa.C.S. § 3301, driving on right side of roadway (testimony establishing that Appellant's car crossed the center line of traffic, N.T. at 18-19, 37-39).

Based upon the foregoing, we have found that Appellant's guilt was proven beyond a reasonable doubt for each of her convictions. Thus, the

evidence presented was sufficient. We therefore agree with Attorney Kelleher's conclusion that an appeal on this basis would be frivolous.

Attorney Kelleher also discusses challenges to Appellant's sentence in her **Anders** brief. To begin, we review the legality of Appellant's sentence. If no statutory authorization exists for a particular sentence, the sentence is illegal and subject to correction. **Commonwealth v. Tucker** 143 A.3d 955, 960 (Pa. Super. 2016). An illegal sentence must be vacated. **Id.** "In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." **Id.**

> The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. [**Commonwealth v. Robinson**, 931 A.2d 15, 21 (Pa. Super. 2007)]. Those categories are: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466 [] (2000).

**Commonwealth v. Munday**, 78 A.3d 661, 664 (Pa. Super. 2013) (some quotation marks and citations omitted). The issue addressed by Appellant's counsel is whether the sentences imposed exceeded the legal limit. The sentences imposed upon Appellant on the various convictions are set forth in the following table. Charges for which Appellant received only a fine but no jail sentence are not included. All sentences are listed in terms of months of incarceration.

| Charge | Grading | Standard range with Appellant's PRS[4] | Sentence imposed |
|---|---|---|---|
| 2. Homicide by Vehicle- DUI | F1 (max 20 years) | Mandatory Minimum of 7 years per 75 Pa.C.S. § 3735(a)(3)(ii) | 84-168 |
| 3. Aggravated Assault by Vehicle – DUI | F-2 (max 10 years) | 30-42 (+/- 12) | 42 to 84 |
| 4. Homicide by Vehicle (non DUI) | F-3 (max 7 years) | 30-42 (+/- 12) | 42 to 84 |
| 5. Aggravated Assault by Vehicle – non DUI | F-3 | 9-16 (+/- 6) | 16 to 84 |
| 6. Accident involving death or SBI | F-3 | 6-14 (+/- 6) | 12 to 60 |

---

[4] "PRS" refers to prior record score.

| | | | |
|---|---|---|---|
| 7. Accident involving death or SBI | F-3 | 6-14 (+/- 6) | Merged |
| 8. Accident involving death or SBI | F-3 | 6-14 (+/- 6 ) | Merged |
| 9. Endangering the welfare of a child | F-3 | 6-14 (+/- 6) | 12 to 60 |
| 10. DUI – general impairment | M-1 (max 5 years) | 1-12 (+/- 3) | Merged |
| 11. DUI – highest rate of alcohol | M-1 | 1-12 (+/- 3) | Merged |
| 12-15. Recklessly endangering another person | M-2 (max 2 years) | RS-6 (+/- 3) | 6 to 24 on each count |

Grouping Appellant's convictions by the maximum permissible sentences based upon the grading of the offense, we note the following. Count 2, homicide by vehicle while DUI, is a felony of the first degree with a possible maximum sentence of 20 years' imprisonment. 18 Pa.C.S. § 1103(1). Appellant faced a mandatory minimum sentence of 7 years' imprisonment due to her having prior DUI convictions. She was sentenced to a term of 7 to 14

years' imprisonment. The sentence imposed does not exceed the maximum and is not illegal.

Appellant was convicted of one offense graded as a felony of the second degree, with a maximum sentence permitted of 10 years' imprisonment. 18 Pa.C.S. § 1103(2). This is count 3, aggravated assault by vehicle while DUI. Appellant was sentenced to 3½ to 7 years of incarceration on this offense, which is not more than the legal maximum. This is not an illegal sentence.

Appellant was also convicted of six offenses graded as felonies of the third degree, which carry a maximum permissible sentence of 7 years of incarceration. 18 Pa.C.S. § 1103(3). For count 4, homicide by vehicle (non-DUI related), Appellant received a sentence of 3½ to 7 years' imprisonment. This is not an illegal sentence. At count 5, aggravated assault by vehicle (non-DUI related), Appellant was sentenced to 16 months to 7 years' imprisonment. As this sentence is not more than the maximum, it is not an illegal sentence. At count 6, accidents involving death or serious bodily injury, Appellant received a sentence of 1 to 5 years' imprisonment. This likewise is not more than the lawful maximum, and is not an illegal sentence. Appellant received no sentence on the convictions at counts 7 and 8 (accident involving death or serious bodily injury), as they merged. At count 9, endangering the welfare of a child, Appellant received a sentence of 1 to 5 years' imprisonment, less than the statutory maximum of 7 years. Thus, this sentence is also not illegal. Appellant received no sentences at counts 10 and 11 (the DUI offenses), as they merged with counts 1 and 2. Finally, at counts 12 through 15, recklessly

endangering another person, a misdemeanor of the second degree with a maximum permissible sentence of two years, 18 Pa.C.S. § 1104(2), Appellant was sentenced on each to a term of 6 months to 2 years of incarceration. These last sentences are also not more than the lawful maximum and are not illegal.

As all sentences imposed did not exceed the statutory maximum permitted for those offenses, they are not illegal sentences. Accordingly, we agree with Attorney Kelleher that a challenge to the legality of Appellant's sentences would be frivolous.

Finally, Appellant challenges the discretionary aspects of her sentence. Initially, we note that Attorney Kelleher has not included a Pa.R.A.P. 2119(f) statement within her **Anders** brief. However, "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citing **Commonwealth v. Wilson**, 578 A.2d 523 (Pa. Super. 1990); **see also Commonwealth v. Lilley**, 978 A.2d 995 (Pa. Super. 2009)). Thus, we will overlook this omission by counsel.

In considering the discretionary aspects of Appellant's sentence, we note that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of that discretion. **Henck**, 342 A.3d at 738. We have explained:

> In this context, an abuse of discretion requires the sentencing court to have ignored or misapplied the law, otherwise acted with manifest unreasonableness, or made its decision while exhibiting

- 24 -

partiality, prejudice, bias, or ill-will; a sentence will be affirmed unless the sentencing court's determination suffers from such a lack of support so as to be clearly erroneous.

*Id.*

Further, the sentencing guidelines must be consulted when determining whether the sentence imposed is an abuse of discretion. ***Commonwealth v. Verma***, 334 A.3d 941, 947 (Pa. Super. 2025).

> The Sentencing Guidelines, located at 204 Pa. Code § 303 *et seq.,* recommend ranges of minimum sentences based on the type of offense, the defendant's prior criminal history, and a variety of aggravating and mitigating factors. The standard recommended minimum sentence is determined by the intersection of the defendant's prior record score and the offense gravity score on the Basic Sentencing Matrix. 204 Pa. Code § 303.16. The Guidelines further recommend that if the court determines that aggravating or mitigating circumstances are present, it may impose a sentence that is a specified amount of time greater than the upper limit of the standard range or less than the lower limit of the standard range. 204 Pa. Code § 303.13.

***Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007). Finally, a sentence that is within the standard range of the sentencing guidelines is deemed to be appropriate under the Sentencing Code for appeal purposes. ***Henck***, 342 A.3d at 741 (citing ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010)).

The trial court addressed this claim in its opinion prepared pursuant to this appeal as follows:

> Prior to imposing sentence, this [c]ourt noted its responsibility to hold people responsible for their actions. It acknowledged Appellant's mental health and substance abuse issues, but noted that,

[a]nytime anybody gets behind the wheel of a car after they've consumed any mind-altering substance is a concern because you put, and you have put, obviously, other people at risk. That can't be ignored and that cannot be depreciated by the fact that at the time of this incident, there is no question that you were suffering from mental health issues and drug and alcohol issues, but you chose, again, to get behind the wheel of a car and put yourself and others at risk.

I note that all sentences imposed were within the sentencing guidelines. *See* Sentencing Guidelines Form. As stated *supra*, where a sentence is within the standard range of the sentencing guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

Finally, it is within the sentencing judge's discretion to run sentences concurrently or consecutively to one another. Appellant was convicted of driving while intoxicated, thereby causing the death of her child and injuring two others. She is not entitled to a volume discount for her multiple offenses against multiple victims. As such, an aggregate sentence of 9 to 22 years of incarceration is not excessive, and the [c]ourt did not abuse its discretion.

Trial Court Opinion, 4/15/25, at 10 (citations to record and emphasis omitted).

After careful review, we agree with the reasoning of the trial court. As shown on the chart *supra*, all sentences imposed were in the standard range of the sentencing guidelines. The sentencing court clearly considered the guidelines in imposing Appellant's sentence. The court also was keenly aware of the dangers caused by Appellant's choice to drive while intoxicated, including the reckless speed involved here and the dangers to numerous people on the road, including the two persons seriously injured in the other car and the extensive injuries which caused the death of Appellant's son. This Court will not re-weigh sentencing factors and impose our own judgment in

place of that of the sentencing court, who was aware of all pertinent circumstances surrounding this case. **Verma**, 334 A.3d at 950 (explaining that the appellate court will not re-weigh the sentencing factors which the trial court considered in imposing sentence). There is simply no basis under these facts which would support the conclusion that the sentence imposed was clearly unreasonable. **Id.** Accordingly, Appellant would not be entitled to relief on her discretionary aspect of sentence claim, and we agree with counsel that pursuing such a claim on appeal would be frivolous.

Thus, after review of the record, we agree with Attorney Kelleher that any appeal of the sufficiency of the evidence to support Appellant's convictions, as well as any challenge to either the legality or discretionary aspects of Appellant's sentence, would be frivolous. After undertaking an independent review of the record in this case, we likewise have found no other, non-frivolous issues Appellant could raise herein. Thus, we affirm Appellant's judgment of sentence and grant counsel's request to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/06/2026

- 27 -